UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE J. ABRAHAM,

    Plaintiff,

v.                              Case No. 1:08-cv-117
                                 Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born on April 1, 1958 and completed the 12th grade (AR 34, 52).[1] She alleges a disability onset date of June 18, 2004 (AR 34). Plaintiff had previous employment as an automobile assembler (AR 57-63, 190, 193-94). Plaintiff identified her disabling condition as a torn right knee, which prevents her from walking or standing for a long period of time (AR 48-49). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed the claim *de novo* and entered a decision denying the claim on September 27, 2006 (AR 11-16). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

**I.  LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

**II. ALJ'S DECISION**

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of June 18, 2004 (AR 13). Second, the ALJ found that she suffered from a severe

impairment of "a muscle and ligament disorder of the bilateral knees" (AR 13). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 13).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to lift and carry no more than ten pounds frequently; lift and carry no more than 20 pounds occasionally; should be able to sit or stand as needed through the work day; should not climb, crawl, squat or kneel; and should not walk[,] stand or lift more than 20 minutes at a time.

(AR 14). The ALJ found that plaintiff could not perform her past relevant work as an automotive assembler, because "[t]his job would not let her sit or stand as necessary through the workday" (AR 15).

At the fifth step, the ALJ determined that plaintiff could perform 5,400 jobs in the regional economy (the Lower Peninsula of Michigan) including: hand packager (2,000 jobs); equipment cleaner (800 jobs); machine feeder (500 jobs); sorter (600 jobs); and inspector (1,500 jobs) (AR 16, 206). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 16).

**III. ANALYSIS**

Contrary to the court's order directing filing of briefs, plaintiff's initial brief did not include "a Statement of Errors, setting forth the specific errors of fact or law upon which plaintiff seeks reversal or remand." *See* docket no. 5. The court has gleaned three alleged errors from plaintiff's cryptic two-paragraph argument. First, plaintiff contends that the ALJ violated SSR 96-9p because he "failed to recognize the full scope of erosion in the unskilled sedentary work

4

environment premised upon Plaintiff/Appellant's need to elevate her legs and change position." Plaintiff's Brief at 5. Second, plaintiff contends that the ALJ's RFC assessment "was not specific to the frequency of the individual's need to alternate sitting or standing." *Id.* Third, plaintiff apparently contends that the ALJ's decision failed to comply with SSR 83-10.

### A. SSR 96-9p

The stated purpose of SSR 96-9p is "[t]o explain the Social Security Administration's policies regarding the impact of a residual functional capacity (RFC) assessment for less than a full range of sedentary work on an individual's ability to do other work." This ruling provides guidelines to ALJs for evaluating a claimant's ability to do less than a full range of sedentary work.

Defendant points out that SSR 96-9p is irrelevant because the ALJ found her capable of performing light work, and SSR 96-9p relates only to claimants who can perform only sedentary work. The court agrees with defendant that SSR 96-9p addresses the ALJ's evaluation of claimant limited to sedentary work, rather than to a claimant capable of performing light work. However, the ALJ's decision is inconsistent on the issue of whether plaintiff can perform sedentary or light work. While the ALJ's RFC determination is consistent with light work (i.e., lifting 10 pounds frequently and 20 pounds occasionally),[2] the ALJ made statements at step five of the sequential evaluation suggesting that plaintiff was limited to sedentary work (AR 15-16). This inconsistency, however, amounts to harmless error.

The ALJ's RFC determination clearly classified plaintiff as capable of performing work at the light exertional level. Ultimately, the ALJ found that plaintiff could perform other work in the national economy at the light exertional level, based upon the testimony of a vocational expert

---

[2] *See* 20 C.F.R. § 404.1567(a), (b).

5

(VE) in response to a hypothetical question which accurately portrayed the claimant's physical and mental impairments. *See Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

The ALJ's hypothetical question posed to the VE assumed an individual capable of performing a range of light work:

> Assume we have a hypothetical person who's able to perform work at a light exertional level as that term is defined in the regulation. With lift, carry 20 pounds occasionally and 10 pounds frequently [sic]. With further modification requiring a sit-stand-at-will option. And no climbing, crawling, squatting, or kneeling. And no walking, standing, or lifting more than 20 minutes at a time. Would such a person be capable of performing any of the claimant's past work as typically performed in the economy or as the Claimant performed it?

(AR 206). In response to this hypothetical, the VE testified that plaintiff would not be able to perform her past work (AR 206). When asked if such a person could perform other jobs, the VE identified the 5,400 positions (hand packager, equipment cleaner, machine feeder, sorter and inspector) (AR 206). Furthermore, when the ALJ included a limitation in addition to the RFC, i.e., the need to elevate her legs 10 to 15 minutes for three unscheduled times a workday, the VE responded that the elevation requirement would not have a significant impact on the number of available positions (AR 206).

In summary, the ALJ's finding that plaintiff was not disabled is supported by substantial evidence. Although the ALJ's decision contained inconsistencies in the analysis, the vocational evidence established that plaintiff could perform some 5,400 jobs at the light exertional level. SSR 96-9p, which relates to the assessment of a claimant whose RFC is limited to less than the full range of sedentary work, does not affect this determination. There is no reason for a remand in this case. "No principle of administrative law or common sense requires [a reviewing court] to

remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989).  Accordingly, plaintiff is not entitled to relief on this claim.

### B. Sit/stand option

Next, plaintiff's contention that the ALJ failed to adequately address the frequency with which she could exercise the sit-stand option is without merit.  The ALJ addressed the issue of "frequency" when he found that plaintiff's RFC required her to "sit or stand as needed through the work day" (AR 14).  The VE identified only those jobs in which the plaintiff would have this type of unlimited ability to alternate sitting and standing.

### C. SSR 83-10

Finally, in her brief, plaintiff cites SSR 83-10 for the proposition that the ALJ's decision "was not in accord with the record and was not supported by substantial evidence." Plaintiff's Brief at 5.  SSR 83-10 provides general guidance for ALJs in performing Step Five of the sequential evaluation, including such basic information as the definitions of various terms and concepts.  Here, plaintiff does not discuss the substance of SSR 83-10, let alone explain how the ALJ failed to comply with that ruling.   A court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.  *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995).  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to  . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).   Accordingly, the court deems this argument waived.

## IV.     Recommendation

For these reasons, I respectfully recommend that the Commissioner's decision be affirmed.


Dated:  September 8, 2008                              /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).